[

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ROBERT JEFFREY FARMER, | ) | |
| Petitioner, | ) | 2:93-cv-0434-JCM-LRL |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| JACKIE CRAWFORD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____/ | | |

I.      Introduction

        The petitioner in this habeas corpus action, Robert Jeffrey Farmer, is on Nevada's
death row.  He pled guilty to first degree murder and was sentenced to death by a three-judge panel
in 1984.  After a direct appeal to the Nevada Supreme Court, multiple habeas corpus petitions in
state court, and extensive habeas corpus litigation in federal court -- including an appeal and remand
-- petitioner has filed in this action a second amended habeas corpus petition (docket #134), and
respondents have moved to dismiss it (docket #155), arguing that most of the claims in the petition
have not been exhausted in state court.  That motion to dismiss is before the Court.  The Court finds
that only one part of one of petitioner's claims is unexhausted.  The Court will, therefore, grant
respondents' motion in part and deny it in part.

II.      Background[1]

The killing for which petitioner was convicted of first degree murder occurred on

January 19, 1982.  The Nevada Supreme Court has summarized the circumstances as follows:

> On January 18, 1982, Robert Jeffrey Farmer was driving from
> Reno to Las Vegas.  In the town of Lathrop Wells, he picked up two
> hitchhikers, Archie Blackcrow and Melanie Marks.  When the
> automobile he was driving ran out of gasoline, the three hitchhiked
> into Las Vegas where they met a taxicab driver, Greg Lewis Gelunas.
> Testimony indicates that Gelunas spent the evening drinking alcoholic
> beverages and smoking marijuana with Farmer, Blackcrow and Marks,
> before offering them his backyard as a place to sleep for the night.
>
> On at least two occasions during the course of the evening,
> Farmer and Blackcrow discussed the possibility of robbing Gelunas
> and stealing his automobile.  Farmer testified that he was aware such a
> venture would at least require them to overpower and restrain Gelunas
> physically.  Later that evening, after Gelunas had returned his taxicab
> and picked up his personal vehicle, Farmer suggested that Blackcrow
> enter the house and knock Gelunas unconscious with a rock.
> Blackcrow apparently felt unable to do this.  Farmer then went to the
> back door of the house and called for Gelunas.  When Gelunas came to
> the door, Farmer knocked him to the floor, entered the kitchen, and
> stabbed Gelunas repeatedly with a knife.  The house was ransacked.
>
> Farmer, Blackcrow and Marks departed in the victim's car and
> drove to Arizona where they parted company.  Farmer continued on to
> Florida.  He was subsequently arrested in Gainesville, Florida, and
> extradicted to Nevada.
>
> On May 23, 1983, Farmer entered a plea of not guilty to the
> charges of murder and use of a deadly weapon in the commission of a
> crime.  On March 26, 1984, he changed his plea to guilty.  The case
> was remanded to a three-judge panel for sentencing.
>
> At the conclusion of the penalty hearing, the panel found two
> aggravating circumstances: (1) that the murder had been committed
> during the commission of a robbery, and (2) that the murder had been
> committed during the commission of a burglary.  Finding no
> mitigating circumstances, the court imposed the death penalty.

*Farmer v. State*, 101 Nev. 419, 420-21, 705 P.2d 149, 150 (1985), *cert. denied*, 476 U.S. 1130

(1986).

---

[1]  The Court sets forth this background information only to set the stage for the analysis of the
motion to dismiss.  The Court does not intend in this section of this order to make any finding of fact.

1          Petitioner appealed to the Nevada Supreme Court, and that court affirmed on

2    August 27, 1985.  Exhibit HH;[2] *see Farmer*, *supra*.[3]

3          On September 25, 1986, petitioner filed a petition for a writ of habeas corpus in this

4    Court.  Exhibit 1.  That action was Case Number CV-N-86-455-ECR.  In that case, petitioner

5    ultimately filed a notice of intent to dismiss the case voluntarily so that he could return to state court

6    to exhaust certain claims in state court.  Exhibit 3.  On February 17, 1987, the Court entered an order

7    granting petitioner's request, and dismissing the action, without prejudice, so that petitioner could

8    exhaust claims in state court.  Exhibit 4.[4]

9          In the meantime, on September 18, 1986, petitioner filed a petition for a writ of

10   habeas corpus in state court.  Exhibit II.  On March 20, 1987, following an evidentiary hearing,

11   the state district court denied that petition.  Exhibits NN and OO.  Petitioner appealed, and on

12   March 31, 1988, the Nevada Supreme Court dismissed the appeal.  Exhibit XX.  On

13   February 27, 1989, the United States Supreme Court denied petitioner's petition for a writ

14   of certiorari.  Exhibit CCC.[5]

15         On April 7, 1989, petitioner filed in this Court a second federal habeas corpus

16   petition.  Exhibit 5.  That action was Case Number CV-S-89-0271-LDG.  Eventually, petitioner filed

17   a motion to dismiss the action without prejudice so that he could again return to state court to

18

19

20

21         [2] Unless otherwise indicated, the exhibits referred to by letter in this order are those located at

22   docket #11, #12, #13, and #14 of Case Number CV-S-89-0271-LDG (incorporated by reference into the
     record in this case (*see* docket #6 and #8)), and docket #17, #18, and #19 in this case.  The exhibits

23   referred to by number in this order are those located in the record at docket #15 and #155 in this case.

24         [3] The Court refers to this as petitioner's "direct appeal."

25         [4] The Court refers to these proceedings in federal court, between September 25, 1986, and
     February 17, 1987, as petitioner's "first federal habeas petition."

26

           [5] The Court refers to these proceedings on petitioner's state-court habeas petition, between
     September 18, 1986, and February 27, 1989, as petitioner's "first state habeas petition."

1    exhaust further claims.  On September 21, 1989, the Court granted that motion, and dismissed the

2    action without prejudice.  Exhibit 12.[6]

3              Petitioner then returned to state court and on October 19, 1989, filed a second state

4    habeas petition.[7]  On September 13, 1991, the state district court denied that petition.  Exhibit 13.

5    Petitioner appealed, and on February 20, 1992, the Nevada Supreme Court dismissed the appeal.

6    Exhibit SSS.[8]

7              On May 11, 1993, petitioner initiated this, his third, federal habeas corpus action, by

8    filing a *pro se* petition for a writ of habeas corpus (docket #1).  Counsel was appointed to represent

9    petitioner (docket #5, #7, and #9).

10             On December 27, 1993, respondents filed a motion to dismiss (docket #15).  On

11   February 15, 1994, the Court denied that motion and granted petitioner six months to file an

12   amended habeas petition setting forth all possible grounds for relief (docket #26).  Petitioner filed his

13   first amended habeas corpus petition (docket #27) on August 15, 1994.

14             On November 9, 1994, respondents filed a motion to dismiss the first amended

15   petition (docket #33), arguing that there had been abuse of the writ.  On June 27, 1995, the Court

16   entered an order (docket #42), dismissing the amended petition.  That dismissal, however, was not

17   on abuse-of-the-writ grounds; the dismissal was on the ground that the amended petition contained

18   claims not exhausted in state court.  The Court ruled that after petitioner returned to state

19   court once again to exhaust claims he would be able to return to this court and reopen this action.

20   Judgment was entered on June 27, 1995 (docket #43).

21   ─────────────

22        [6]  The Court refers to these proceedings in federal court, between April 7, 1989, and
September 21, 1989, as petitioner's "second federal habeas petition."

23        [7]  Petitioner also filed another state habeas petition, on October 23, 1989, in a different state

24   district court (Nevada's Seventh Judicial District Court).  Exhibit UUU.  That petition was dismissed,
and petitioner did not appeal.   Exhibit EEEE; *see also* Second Amended Petition (docket #136), p. 7,

25   ¶ 16.  Because petitioner did not in that proceeding present any claims to the Nevada Supreme Court,
it has no impact on the resolution of the present motion to dismiss, which raises only exhaustion issues.

26        [8]  The Court refers to these proceedings on petitioner's state-court habeas petition, between
October 19, 1989, and February 20, 1992, as petitioner's "second state habeas petition."

4

1        On August 28, 1995, petitioner filed his third petition for a writ of habeas corpus in

2   state court.  Exhibit 14.  On March 1, 1996, the state district court denied that petition.  Exhibit 16.

3   Petitioner appealed, and the Nevada Supreme Court dismissed the appeal on November 20, 1997.

4   Exhibit 17.[9]

5        Meanwhile, respondents appealed from this Court's June 27, 1995 order and

6   judgment (docket #45).  On October 29, 1996, the Court of Appeals reversed and remanded, holding

7   that this Court was not precluded from finding an abuse of the writ merely because the prior federal

8   habeas actions were not decided on their merits (docket #51).  *Farmer v. McDaniel*, 98 F.3d 1548

9   (9th Cir. 1996), *cert. denied*, 520 U.S. 1188 (1997), *overruled by Slack v. McDaniel*, 529 U.S. 473

10  (2000).  The Court of Appeals vacated the dismissal of this action, and remanded with instructions

11  for this Court to consider respondents' abuse-of-the-writ argument.

12        On remand in this Court, the parties undertook to brief the abuse-of-the-writ issue

13  (*see* docket #53, #54, #56, #60, #64, #72, #78, #79, #83, #84).  Then, on March 26, 1999, before

14  the Court had resolved the abuse-of-the-writ issue, the Supreme Court granted certiorari in

15  *Slack v. McDaniel*, 525 U.S. 1138 (1999), throwing into question the validity of the Court of

16  Appeals' holding on appeal in this case.  Therefore, on March 29, 1999, the Court stayed this action

17  pending the Supreme Court's ruling in *Slack* (docket #85).

18        On May 2, 2000, following the Supreme Court's April 26, 2000 ruling in *Slack v.*

19  *McDaniel*, 529 U.S. 473 (2000), overruling the holding on appeal in this case, the Court lifted the

20  stay (docket #86), and the parties addressed the questions of the effect of *Slack* and the appropriate

21  course of further proceedings (*see* docket #88, #89, #94, #96, #100, #101).  On September 24, 2002,

22  the Court entered a scheduling order (docket #103) setting a schedule for further litigation of this

23  action.

24

25

26

---

[9]  The Court refers to these proceedings on petitioner's state-court habeas petition, between August 28, 1995, and November 20, 1997, as petitioner's "third state habeas petition."

5

1    On January 9, 2003, petitioner filed a Motion for Leave to Conduct Discovery

2  (docket #106).  On May 15, 2003, the Court granted petitioner's discovery motion in part and denied

3  it in part, and granted petitioner leave to conduct certain discovery (docket #119 and #122).  The

4  time for petitioner to complete the authorized discovery expired on March 15, 2004 (docket #131).

5    Petitioner then filed an amended habeas corpus petition -- his second amended

6  petition -- on October 1, 2004 (docket #136).  Respondents moved to dismiss (docket #155, filed

7  June 27, 2005), arguing that certain of the claims in the second amended petition have not been

8  exhausted in state court.  Petitioner filed an opposition to the motion on September 9, 2005

9  (docket #161).  Respondents filed a reply on January 3, 2006 (docket #168).

10  III.    Analysis

11    A.    The Law Concerning Exhaustion of State Remedies

12    A federal court may not grant relief on a habeas corpus claim not exhausted in state

13  court.  28 U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity,

14  and is designed to give state courts the initial opportunity to correct constitutional deprivations.

15  *See Picard v. Conner*, 404 U.S. 270, 275 (1971).

16    To exhaust a claim, a petitioner must fairly present that claim to the State's highest

17  court, and must give that court the opportunity to address and resolve it.  *See Duncan v. Henry*, 513

18  U.S. 364, 365 (1995)(*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).  The "fair

19  presentation" requirement is satisfied when the claim has been presented to the highest state court by

20  describing the operative facts and the legal theory upon which the federal claim is based.  *See*

21  *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982),

22  *cert. denied*, 463 U.S. 1212 (1983).

23    To fairly present a federal claim to the state court, the petitioner must alert the court

24  to the fact that he asserts a claim under the United States Constitution.  *Hiivala v. Wood*, 195 F.3d

25

26

6

1  1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66.

2  The petitioner must make the federal nature of the claim "explicit either by citing federal law or the

3  decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*,

4  247 F.3d 904 (9th Cir. 2001). The mere similarity of claims of state and federal error is insufficient

5  to establish exhaustion. *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*,

6  232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to

7  broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are

8  insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S.

9  152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.___

10          B.      Ground 1

11          In Ground 1, petitioner claims that he "was deprived of his privilege against

12  self-incrimination, right to a jury trial, to confront and cross-examine witnesses, to present a defense,

13  to effective assistance of counsel, due process of law, equal protection of the laws and a reliable

14  sentence by his involuntary plea of guilty to the capital charge." Second Amended Petition

15  (docket #136), p. 14, lines 2-5, *citing* U.S. Const. Amends. V, VI, VIII, and XIV.

16                          1.      Exhaustion of Ground 1 in Petitioner's Third
17                                  State Habeas Petition

18          Ground 1 was presented in nearly identical form in petitioner's third state habeas

19  petition.

20          Respondents argue that Ground 1 is unexhausted because it incorporates by reference

21  the allegations of Ground 2, which respondents argue was not exhausted. As is discussed below,

22  however, Ground 2 is exhausted.

23          The Court finds that Ground 1 was exhausted in petitioner's third state habeas

24  petition.

25

26

      2.      Exhaustion of Ground 1 in Petitioner's First
               State Habeas Petition

Petitioner claims that he also exhausted Ground 1 in his first state habeas petition. *See* Second Amended Petition, p. 13, lines 1-3.[10]

In Ground 1, as pled in the Second Amended Petition in this case, there appear to be four different factual bases alleged for his claim that his guilty plea was involuntary:

- that petitioner was not informed of the consequences of his guilty plea, in that he was not informed that his plea would establish an aggravating factor;

- that petitioner was not informed of a Nevada rule that required that the testimony of accomplices be corroborated;

- that he suffered from bipolar disorder, temporal lobe epilepsy, or other mental impairments, and was under the influence of, or undergoing withdrawal from, certain medications; and

- that he received ineffective assistance of counsel as alleged in Ground 2.

*See* Second Amended Petition, pp. 14-15.

Petitioner presented to the Nevada Supreme Court, on the appeal from the denial of his first state habeas petition, a claim that his guilty plea was involuntary. *See* Exhibit RR, pp. 37-49. The argument there focused on whether petitioner understood the elements of felony murder, and whether petitioner understood that the felony used as a predicate to the felony murder could also be used as an aggravating factor. *See id*.

---

[10] With respect to Grounds 1, 2, 3, 5, and 7, petitioner alleges in his Second Amended Petition that he not only exhausted those claims in his third state habeas petition, but that he also exhausted those claims on his direct appeal or his first state habeas petition. The parties have presented some briefing regarding those allegations. With one exception -- petitioner's claim in Ground 7 that there was a violation of his federal constitutional right to trial before an impartial jury -- the resolution of respondents' motion to dismiss may be resolved completely upon the analysis of the exhaustion of petitioner's claims in his third state habeas petition. Nevertheless, in order to provide some guidance to the parties, the Court addresses, to the extent possible given the briefing presented, the question whether petitioner also exhausted Grounds 1, 2, 3, 5, and 7 on his direct appeal and his first state habeas petition. The Court does not, however, as to all 5 of those claims, make specific findings as to exactly what portions of petitioner's claims were and were not exhausted on petitioner's direct appeal and his first state habeas petition. To the extent the precise extent of that exhaustion is left unanswered by this order, it will be resolved, if and when necessary, upon further, more detailed, briefing by the parties.

1    In his opening brief to the Nevada Supreme Court, petitioner cited to *McCarthy v.*

2  *United States*, 394 U.S. 459 (1969), for the proposition that petitioner's plea violated due process.

3  *See* Exhibit RR, p. 46.  While the actual issue decided in *McCarthy* concerned Federal Rule of

4  Criminal Procedure 11, rather than the federal constitutional due process clause (*see McCarthy*,

5  394 U.S. at 464), the *McCarthy* opinion does include substantial discussion of the requirement,

6  under the due process clause of the federal constitution, that a guilty plea must be voluntary.  *See*

7  *McCarthy*, 394 U.S. at 465-66.  The portion of the *McCarthy* opinion that petitioner cited to includes

8  the statement: "if a defendant's guilty plea is not equally voluntary and knowing, it has been

9  obtained in violation of due process and is therefore void."  *Id* at 466.  The Court finds that

10  petitioner's citation to *McCarthy* indicated that he asserted a federal constitutional ground for his

11  claim.

12    Therefore, the Court finds that petitioner exhausted in his first state habeas petition

13  the claim that his guilty plea was involuntary because he was not informed of the consequences of

14  his guilty plea, in that he was not informed that his plea would establish an aggravating factor.

15  *See* Exhibit RR, pp. 37-49; Exhibit UU, pp. 13-14.

16    The Court finds that petitioner did not exhaust, in his first state habeas petition, the

17  claim that his guilty plea was involuntary because he was not informed of a Nevada rule that

18  required that the testimony of accomplices be corroborated.  Petitioner argued on that appeal that the

19  Nevada rule was not satisfied with respect to Melanie Marks' testimony at the penalty phase of his

20  trial, and that petitioner's counsel was ineffective with respect to his handling of that testimony;

21  however, petitioner did not argue on that appeal that his guilty plea was involuntary because he was

22  not advised that he would waive application of that Nevada rule at the guilt trial if he pled guilty.

23  *See* Exhibit RR, pp. 49-53 and 58-59; *see also id*., pp. 37-49.

24    The Court also finds that petitioner did not exhaust, in his first state habeas petition,

25  the claim that his guilty plea was involuntary because, when he entered it, he suffered from bipolar

26  disorder, temporal lobe epilepsy, or other mental impairments, and was under the influence of, or

1   undergoing withdrawal from, certain medications.  Petitioner argued on that appeal that his counsel

2   was ineffective for not adequately investigating his mental health background and presenting it as

3   mitigating evidence at the penalty phase trial; however, petitioner did not argue that his guilty plea

4   was involuntary because of his mental condition.  *See* Exhibit RR, pp. 60-65.

5            With respect to petitioner's claim that his guilty plea was involuntary because of

6   ineffective assistance of counsel, the Court finds that one part of this claim was exhausted in

7   petitioner's first state habeas petition.  Petitioner argued on that appeal that his guilty plea was

8   involuntary because his counsel failed to investigate, and advise him about, the relationship between

9   felony murder and the aggravating circumstances in a capital murder case.  That, however, is the

10  only species of ineffective assistance of counsel that petitioner asserted on the appeal regarding his

11  first state habeas petition to buttress his involuntary-plea claim.  *See* Exhibit RR, pp. 55-58.  To the

12  extent Ground 1 relies upon the allegation that his guilty plea was ineffective because his counsel did

13  not investigate, and advise him about, the relationship between felony murder and the aggravating

14  circumstances in a capital murder case, Ground 1 was exhausted in petitioner's first state habeas

15  petition.  Petitioner's other claims that ineffective assistance of counsel rendered his guilty plea

16  involuntary were not exhausted in petitioner's first state habeas petition.

17            C.       Ground 2

18            In Ground 2, petitioner claims that he "was deprived of his right to assistance of

19  counsel, due process of law, equal protection of the laws and a reliable sentence ... by the failure of

20  the state courts to provide him with effective assistance of counsel at all stages of the proceedings."

21  Second Amended Petition, p. 16, lines 2-5, *citing* U.S. Const. Amends. VI, VIII, and XIV.

22  Petitioner includes 35 pages of factual allegations, broken down into numbered paragraphs,  in

23  support of Ground 2.  *See id*. at pp. 16-51.

24

25

26

1          1.      Exhaustion of Ground 2 in Petitioner's Third
                   State Habeas Petition

Petitioner presented essentially the same claims in his third state habeas petition. *See* Exhibit 14, pp. 16-56.  And, in that state proceeding, petitioner asserted the same federal constitutional bases for the claims.  *Compare* Second Amended Petition (docket #136), pp. 16-51, and Exhibit 14, pp. 16-56.[11]

In their motion to dismiss, respondents essentially perform a word-for-word comparison between Ground 2 as asserted in the Second Amended Petition in this action (docket #136, pp. 16-51) and the same claim as asserted in petitioner's third state habeas petition (Exhibit 14, pp. 16-56).  Respondents argue that because of the differences between Ground 2 as asserted in this case and as asserted in state court, Ground 2 -- or at least part of it -- is unexhausted.  Respondents' portrayal of the exhaustion doctrine in this manner is overly restrictive.  The exhaustion doctrine does not require that the claim presented in federal court must be identical to the claim as it was presented in state court.  Rather, "new factual allegations do not render a claim unexhausted unless they 'fundamentally alter the legal claim already considered by the state courts.'" *Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir.1994), *superseded by statute on other grounds as recognized by Morris v. Woodford*, 229 F.3d 775, 779 (9th Cir.2000) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986)); *see also Vasquez*, 474 U.S. at 258-60 (1986); *Picard v. Connor*, 404 U.S. 270, 276-78 (1971); *Belmontes v. Brown*, 414 F.3d 1094, 1117-18 (9th Cir. 2005); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

---

[11]  For this reason, respondents' discussion of *Duncan v. Henry*, 513 U.S. 364 (1995), and *Tamapua v. Shimoda*, 796 F.2d 261 (9th Cir. 1986),  at pages 4-6 of their reply (docket #168), is largely beside the point.  *Duncan* and *Tamapua* deal with the question whether a petitioner "federalized" his claim in state court; that is not the issue here with respect to the exhaustion of Ground 2 in the third state habeas petition.

1    Respondents first point out that at paragraph 6 of Ground 2, petitioner has added to

2  his claim the following allegation:

3          The district attorney who handled the prosecution prior to trial, and who
           allowed Blackcrow to plead guilty to possession of stolen property for his
4          involvement in the homicide, would have considered accepting a plea of guilty
           from petitioner in return for a sentence of life imprisonment without the
5          possibility of parole, if he had been presented with the evidence that
           Blackcrow actually participated in the stabbing of Gelunas.  Ex. 126.
6

7  Second Amended Petition, p. 17, lines 13 to 18; *compare* Exhibit 14, p. 17, lines 10-24.  The Court

8  finds that this added allegation does not fundamentally alter petitioner's claim.  Petitioner alleged in

9  his third state habeas petition that "[d]uring part of this period, the possibility of plea negotiations in

10  petitioner's case, including the possibility of a plea in both the Washoe County and Clark County

11  cases in exchange for a sentence less than death, had been open."  Exhibit 14, p. 17, lines 16-20.

12    Respondents also point out that petitioner did not present  in his third state habeas

13  petition the declaration found at Exhibit 126 to the Second Amended Petition (docket #145).  That

14  exhibit is a declaration of a former Clark County prosecutor, indicating that had he had certain

15  information he might have considered a plea agreement providing for a penalty of life imprisonment

16  for petitioner.  *See* Exhibit 126 to Second Amended Petition (docket #145).  The Court finds that

17  petitioner's reference to this exhibit does not change the essential factual and legal theories of

18  Ground 2.  The declaration simply provides new evidentiary support for the same claim that was

19  presented in state court.

20    Respondents point out that at paragraph 9 of Ground 2, petitioner has added new

21  language.  *Compare* Second Amended Petition, p. 18, lines 3-17, *and* Exhibit 14, p. 18, lines 12-16.

22  That new language, however, is a summary of more detailed allegations made elsewhere in the

23  claim, in both state and federal court, and it does not fundamentally alter the claim.

24    Respondents next point to a slight change in the statement of the claim in

25  paragraph 11(f) of Ground 2.  That paragraph generally asserts that petitioner's counsel was

26

1   ineffective for not moving to exclude from evidence certain statements made by petitioner to police.

2   The last statement of the paragraph, as set forth in this case, is as follows:

3           The statements elicited from petitioner were prejudicial in that they were
            partially inculpatory and partially exculpatory with respect to petitioner's
4           actions in association with Archie Blackcrow and Melanie Marks, and
            provided information *consistent with portions* of Marks' and Blackcrow's
5           statements, although petitioner's statements did not provide corroboration
            with respect to the commission of the charged offense.

6

7   Second Amended Petition, p. 21, lines 4-9 (emphasis added).  Respondents argue that Ground 2 is

8   unexhausted because, in his third state habeas petition, instead of  "consistent with," petitioner wrote

9   "partially consistent with."  *See* Exhibit 14, p. 22, lines 13-19.  Respondents' argument in this regard

10  approaches the ridiculous.  The sentence states that petitioner's statements were consistent with

11  *portions* of Marks' and Blackcrows' statements; it does not say his statements were consistent with

12  all of  Marks' and Blackcrows' statements.  Inherent in the claim -- still -- is the concept that

13  petitioner's statements were not completely consistent with all of Marks' and Blackcrow's

14  statements.  The omission of the word "partially" did not alter the essential factual and legal theories

15  in Ground 2.

16          Respondents next focus on paragraph 11(l) of Ground 2.  In that paragraph, petitioner

17  alleges that his counsel was ineffective for not moving in limine to exclude the testimony of

18  Blackcrow based upon the terms of the plea agreement that the prosecution entered with Blackcrow.

19  The last sentence of the paragraph states:  "This agreement [Blackcrow's plea agreement] was not

20  conditioned only upon Blackcrow giving truthful testimony but on him giving testimony to a specific

21  effect that implicated petitioner."  Second Amended Petition, p. 22, lines 19-21.  Respondents argue

22  that Ground 2 is not exhausted because in petitioner's third state habeas petition, that sentence did

23  not include the concluding phrase "that implicated petitioner."  *See* Exhibit 14, p. 24, lines 19-20.

24  Here again, respondents' base their argument on changes in wording without consideration whether

25  or not petitioner's claim has fundamentally changed.  It has not.  The new phrase -- "that implicated

26  petitioner" -- only makes explicit what was implicit in the claim as presented in petitioner's third

1    state habeas petition.  Petitioner has not fundamentally altered Ground 2 by adding those three

2    words.

3              With respect to paragraph 11(l) of Ground 2, respondents also point out that petitioner

4    now cites to Exhibit 16, instead of to Exhibit 11, to their Second Amended Petition (*see* Second

5    Amended Petition, p. 22, line 19).  The altered citation to the exhibit, in support of the same factual

6    allegation, does not change the substance of Ground 2.

7              Respondents next focus on paragraph 12(a) of Ground 2.  There, petitioner claims that

8    his counsel was ineffective with respect to the investigation of petitioner's mental health.  The first

9    sentence of paragraph 12(a) of Ground 2, states:  "Counsel moved for and obtained an order

10   authorizing neurological testing, but did not obtain the services of a neurologist or

11   neuropsychologist, or a complete neurological or neuropsychological examination, or a thorough

12   psychiatric evaluation."  Second Amended Petition, p. 22, lines 24-26.  Respondents point out that in

13   petitioner's third state habeas petition this sentence did not mention any need for a neuropsychologist

14   or a neuropsychological examination.  *See* Exhibit 14, p. 24, line 26 - p. 25, line 4.  The Court finds

15   that the fields of neurology and neuropsychology are closely enough related that the nature of this

16   claim is not appreciably altered.

17             Also, with respect to paragraph 12(a) of Ground 2, respondents point out that

18   petitioner has added the following:

19             Counsel unreasonably failed to supply the experts he did retain, or who
             examined petitioner at the direction of the court, with complete social history
20           and mental health information that would have allowed them to make
             professionally adequate evaluations of petitioner.  Petitioner incorporates the
21           allegations of Claim Twenty-One, below.  Had counsel performed a complete
             investigation, counsel would have discovered the full extent of petitioner's
22           suffering from a host of neurological, neuropsychological, and psychiatric
             illnesses, including temporal lobe epilepsy, depression and bi-polar disorder.
23           R-Ex. CC, Ex. 27-31, 36, 39, 52, 58, 77A-E, 98, 99, 104-06, 109, 112, 113,
             133.  Instead, counsel produced only the most cursory testimony relating to
24           petitioner's background and his cooperation with his attorneys.  *See* para. 21,
             infra.

25

26   *Compare* Second Amended Petition, pp. 22-23, *and* Exhibit 14, pp. 24-25.  The Court finds that,

while this language adds some specificity to the claim, it does not change its essential nature. Furthermore, as is discussed below, Ground 21, the allegations of which are incorporated into Ground 2, is exhausted.

Respondents next take issue with paragraph 12(b) of Ground 2.  Paragraph 12(b) essentially asserts that petitioner's counsel was ineffective for not conducting a sufficient investigation.  Respondents argue that part of Ground 2 is not exhausted because petitioner has, in federal court, added the following language to paragraph 12(b):

> Had a competent investigation been conducted, counsel would have been able to produce substantial evidence, as current counsel have done, that cast the co-perpetrators of the offense in a much more culpable light (Exs. 76, 81, 83, 94, 97, 117-120), effectively rebutted the state's case in aggravation (Exs. 100, 115-116, 136-146), and provided a compelling case in mitigation that would have justified imposing a sentence less than death.  Petitioner incorporates the allegations of Claim Nine.

*Compare* Second Amended Petition, p. 23, lines 10-18, *and* Exhibit 14, p. 25, lines 5-9.  Here again, petitioner has added some specificity to his claim, with respect to the prejudice he believes to have been caused by the alleged inadequate investigation, but petitioner has not changed the essential factual and legal theories.   Furthermore, as is discussed below, Ground 9, the allegations of which are incorporated into Ground 2, is exhausted.

Respondents next point to changes made by petitioner in paragraph 12(d)(1) of Ground 2.  In paragraph 12(d), petitioner claims that his counsel "unreasonably failed to investigate, evaluate and disclose to petitioner the evidence relating to the lack of credibility of Blackcrow and Marks."  Second Amended Petition, p. 24, lines 2-3.  Paragraphs 12(d)(1) and (2) provide more detailed information about that claim with respect to Marks and Blackcrow, respectively.  Respondents argue that part of Ground 2 is not exhausted because petitioner has added the following language to paragraph 12(d)(1):

1
2
3

> Available information about Blackcrow would also have impeached her [Marks'] testimony about his role in the homicide. The information showing his repeated acts of violence while he was in jail would have impeached the credibility of Marks' testimony that Blackcrow did not kill Gelunas because he just "couldn't do it."

4    *Compare* Second Amended Petition, p. 24, lines 4-13, *and* Exhibit 14, p. 25, line 26 - p. 26, line 10.

5    This added language adds specificity, but does not alter the essential nature of the claim.

6    Respondents also argue that part of Ground 2 is unexhausted because petitioner has

7    added the following allegation to paragraph 12(d)(2): "After his release, Blackcrow stabbed and

8    killed a man in South Dakota and he is currently serving a ninety-year prison sentence for

9    manslaughter." *Compare* Second Amended Petition, p. 24, line 14 - p. 25, line 5, *and* Exhibit 14, p.

10    26, line 11 - p. 27, line 9. In the Court's view, this allegation does not fundamentally alter the nature

11    of the claim.

12    Respondents argue that part of Ground 2 is unexhausted because petitioner added the

13    following language at paragraph 20: "In mitigation of punishment, counsel made only the most

14    cursory presentation." *Compare* Second Amended Petition, p. 27, line 26 - p. 28, line 1, *and*

15    Exhibit 14, p. 27, lines 9 - 16.[12] This new language, however, is nothing more than a summary of

16    more specific allegations made elsewhere, in both state and federal court. The new language does

17    not fundamentally alter the claim.

18    Respondents argue that part of Ground 2 is unexhausted because petitioner has added

19    all the allegations in paragraph 21 of Ground 2. *See* Second Amended Petition, pp. 28-31. Those

20    allegations, however, are nothing more than an overview of evidence presented at the penalty phase

21    of the trial. They add nothing new of substance to petitioner's claim.

22    Next, respondents focus on paragraph 23 of Ground 2, and point out that petitioner

23    has added the phrase *"inter alia"* to introduce the second sentence of that paragraph. That, however,

24    does not fundamentally alter the nature of the claim.

25

26    _____

[12] The arguments at pages 37 to 44 of respondents' motion to dismiss, which purportedly address Ground 3, actually appear to address paragraphs 18 through 67 of *Ground 2*. *See* Motion to Dismiss, pp. 37-44.

1          Next, respondents argue that part of Ground 2 is not exhausted because petitioner has

2   added new information at paragraph 28.  That paragraph concerns the conditions to which petitioner

3   was allegedly exposed as a child working at his father's slaughterhouse.  In the Second Amended

4   Petition in this case, petitioner has added new detail.  *Compare* Second Amended Petition, p. 33,

5   line 25 - p. 35, line 2, *and* Exhibit 14, p. 31, lines 12-22.  The Court finds, however, that the new

6   detail added in paragraph 28 does not fundamentally alter the claim.

7          Respondents next point out that petitioner has added material to paragraph 30 of

8   Ground 2.  In the Second Amended Petition in this case, and also in petitioner's third state habeas

9   petition, this paragraph begins:  "Petitioner has repeatedly mutilated himself...."  *See* Second

10  Amended Petition, p. 35, line 30, *and* Exhibit 14, p. 32, line 16.  The new sentence in the paragraph

11  states:  "Petitioner's arms are covered with scars from his self-mutilation, which are apparent to

12  anyone who looks at them."  *Compare* Second Amended Petition, p. 35, lines 18-22, *and* Exhibit 14,

13  p. 32, lines 16-20.  That new sentence does not fundamentally alter petitioner's claim.

14         Respondents' next argument, concerning paragraph 32 of Ground 2, illustrates well

15  the erroneous nature of respondents' approach to exhaustion.  Paragraph 32 contains allegations

16  concerning petitioner's father.  The last sentence of that paragraph, as asserted in petitioner's third

17  state habeas petition, was as follows:  "He [petitioner's father] had violent mood swings, and would

18  fly into rages for no reason."  Exhibit 14, p. 33, lines 19-20.  The same sentence, as presented in the

19  Second Amended Petition in this case, states:  "He [petitioner's father] had violent *and*

20  *unpredictable* mood swings, and would fly into rages for no reason."  Second Amended Petition,

21  p. 36, lines 16-17 (emphasis added).  Respondents argue that the addition of the words "and

22  unpredictable" renders this part of Ground 2 unexhausted.  That is an erroneous approach to

23  exhaustion.  Petitioner has not fundamentally altered the claim.

24         Next respondents point out that petitioner has added new information to paragraph 34

25  of Ground 2.  That paragraph, as asserted in petitioner's third state habeas petition, included the

26  following: "The elder Robert Farmer [petitioner's father] sexually abused his step-daughter, Una,

17

1   and his other children...."  Exhibit 14, p. 34, lines 16-17.  The new information added to this

2   paragraph in the Second Amended Petition in this action, includes an allegation regarding the date

3   that petitioner's parents married and the number of children they had, and allegations regarding

4   medical care that two of petitioner's siblings required as a result of the alleged sexual abuse.

5   *Compare* Second Amended Petition, p. 37, lines 7-22, *and* Exhibit 14, p. 34, lines 15-21.  The new

6   information adds some further information, but does not fundamentally alter petitioner's claim.

7          Respondents next focus on paragraph 40 of Ground 2, and argue that information

8   added to that paragraph renders this part of Ground 2 unexhausted.  That paragraph includes

9   allegations about the conditions at the Dozier School, a school at which petitioner was

10  institutionalized in Florida.  The new material relates to physical abuse of children at the school,

11  self-mutilation on the part of the children, and 16-hour word shifts on the part of the staff.  *Compare*

12  Second Amended Petition, p. 39, lines 7-21, *and* Exhibit 14, p. 36, line 16 - p. 37, line 7.  The new

13  information provides more specific detail, but does not fundamentally alter petitioner's claim.

14         Respondents next point out that all the material in paragraph 41 of Ground 2 is new.

15  *Compare* Second Amended Petition, p. 39, lines 23 - p. 40, line 5, *and* Exhibit 14, p. 37.  That

16  paragraph includes allegations concerning events at the Dozier School and petitioner's transfer from

17  there to the Lancaster Youth Development Center.  *See* Second Amended Petition, p. 39, lines 23 -

18  p. 40, line 5.  While that paragraph provides new information, it is generally of the same nature as

19  allegations found in petitioner's third state habeas petition, and the Court finds that it does not

20  fundamentally alter petitioner's claim.

21         Next, with respect to paragraph 42 of Ground 2, which concerns petitioner's stay at

22  the Lancaster Youth Development Center, respondents point out that petitioner has changed a

23  sentence.  In his third state habeas petition, the sentence was as follows:  "He [petitioner] was

24  brutally treated there."  Exhibit 14, p. 37, line 12.  In his Second Amended Petition in this case, the

25  sentence reads:  "While there, he [petitioner] was brutalized in the same fashion as he had been at the

26

18

1  Dozier School."  Second Amended Petition, p. 40, lines 7-8.  This change does not fundamentally

2  alter the claim.

3          Respondents point out that petitioner has added new allegations at paragraph 46 of

4  Ground 2.  That paragraph deals with the alleged conditions at the East Louisiana State Hospital

5  (ELSH), where petitioner was incarcerated for a time.  *See* Second Amended Petition, pp. 40-43.

6  In his third state habeas petition, petitioner included extensive allegations regarding conditions at

7  ELSH.  *See* Exhibit 14, pp. 37-40.  The new material only adds statements made by two individuals

8  about the conditions at ELSH.  *Compare* Second Amended Petition, p. 41, line 17 - p. 42, line 10,

9  *and* Exhibit 14, p. 39, lines 6-16.  The new material does not fundamentally alter petitioner's claim.

10          Next, respondents turn to paragraph 52 of Ground 2, and point to new information

11  included there.  Paragraph 52 includes allegations regarding certain events that took place at the

12  Washoe County Jail, in Reno, in 1982.  *See* Second Amended Petition, p. 44, lines 11-23.  In his

13  third state habeas petition, petitioner alleged:  "While incarcerated in the Washoe County jail in

14  1982, awaiting trial, petitioner attempted to commit suicide."  Exhibit 14, p. 42, lines 13-14.  That

15  sentence, in petitioner's Second Amended Petition in this case reads:  "While incarcerated in the

16  Washoe County jail in 1982, awaiting trial, petitioner was cutting his arms with a razor blade."

17  Second Amended Petition, p. 44, lines 12-13.  The change does not fundamentally alter the claim.

18          Respondents next point out that petitioner has added information to paragraph 55 of

19  Ground 2.  *Compare* Second Amended Petition, p. 45, line 17 - p. 46, line 6, *and* Exhibit 14, p. 44,

20  lines 7-26.  Paragraph 55 includes information about the effects of their upbringing on petitioner's

21  siblings.  Essentially, petitioner has added to that paragraph some further details regarding

22  petitioner's sister.  This information, however, does not fundamentally alter petitioner's claim.

23          As for paragraph 56 of Ground 2, respondents argue that petitioner did not present

24  any such allegations to the Nevada courts.  *See* Motion to Dismiss, p. 42, lines 23-25.  That,

25  however, is inaccurate.  In his third state habeas petition, petitioner presented allegations nearly

26

1  identical to those in paragraph 56.  *Compare* Second Amended Petition, p. 46, lines 7-14, *and*

2  Exhibit 14, p. 44, lines 7-17.

3          Next, respondents point out that paragraph 57(a) of Ground 2 is new.  That paragraph

4  is part of petitioner's assertion that he received ineffective assistance of counsel at his penalty phase

5  trial.  Paragraph 57(a) states: "Counsel failed to make an opening statement before the three-judge

6  panel.  ROA 385."  Second Amended Petition, p. 46, lines 19-20.  Petitioner did not include this

7  specific allegation in his third state habeas petition, but he did, in that state petition, allege:

8  "Counsel did not provide effective assistance by failing to present adequate argument in the penalty

9  phase and to advocate adequately for a sentence less than death, on the basis of the evidence which

10  was before the court."  Exhibit 14, p. 48, lines 23-26.  The Court finds that the addition of paragraph

11  57(a) does not fundamentally alter petitioner's claim.

12          Respondents next argue that the following language in paragraph 59 of Ground 2 is

13  new:  "It is reasonably probable that, had a complete mitigation presentation been presented to a

14  sentencer, whether a jury or a three-judge panel, a result more favorable to petitioner would have

15  been obtained."  *See* Motion to Dismiss, p. 43, lines 1-5; Second Amended Petition, p. 48, lines 3-5.

16  This argument is erroneous.  Exactly the same language was included in petitioner's third state

17  habeas petition.  *See* Exhibit 14, p. 53, lines 16-20.

18          Respondents point to new language in paragraphs 60(c) and 60(e) of Ground 2, which

19  concern petitioner's counsel's handling of his alleged temporal lobe epilepsy.  That new language,

20  however, only provides further details concerning allegations already  made in petitioner's third state

21  habeas petition.  *Compare* Second Amended Petition, p. 48, line 25 - p. 49, line 15, *and* Exhibit 14,

22  p. 52, lines 2-23; *and compare* Second Amended Petition, p. 49, line 23 - p. 50, line 5, *and* Exhibit

23  14, p. 53, lines 9-16.  Petitioner has not fundamentally altered his claims in this regard.

24          Respondents next focus on paragraph 66 of Ground 2, which concerns the

25  performance of petitioner's counsel on his first state habeas petition.  *See* Second Amended Petition,

26  p. 51, lines 2-11.  Respondents point out that petitioner has added the following sentence to the end

of that paragraph: "Petitioner was entitled to effective assistance of counsel in the initial

postconviction proceeding under state law, and the denial of that state-created interest violates the

due process guarantee of the Fourteenth Amendment." *Compare* Second Amended Petition, p. 51,

lines 2-11, *and* Exhibit 14, p. 55, lines 7-16.  In petitioner's third state habeas petition, this explicit

reference to the Fourteenth Amendment was not included in this paragraph; however, this paragraph

was part of Ground 2 as a whole, and Ground 2 was prefaced with a claim that petitioner's

Fourteenth Amendment rights were violated.  *See* Exhibit 14, p. 16, lines 1-6.  When Ground 2 in

petitioner's third state habeas petition is read as a whole, it is apparent that the new language added

at paragraph 66 of Ground 2 in this action has not fundamentally altered petitioner's claim.

Next, respondents point to new language added by petitioner at paragraph 67 of

Ground 2.  That paragraph deals with the funding of petitioner's counsel for his state habeas

proceedings.  *See* Second Amended Petition, p. 51, lines 12-19.  In his Second Amended Petition in

this case, petitioner added the following sentence to the end of this paragraph: "Counsel in the initial

postconviction proceeding, the state public defender, was not sufficiently funded to allow it to

undertake investigation of evidence outside the record on appeal in order to demonstrate prejudice

from the ineffective assistance of trial counsel." *Compare* Second Amended Petition, p. 51,

lines 12-19, *and* Exhibit 14, p. 55, lines 16-23.  This new sentence, however, only repeats, perhaps in

a slightly more specific manner, allegations in the paragraph as presented in petitioner's third state

habeas petition.  *See*  Exhibit 14, p. 55, lines 16-23.  Petitioner has not fundamentally altered his

claim in this paragraph.

With respect to paragraphs 11(e), 12(d)(2), 18, 19, 20, 23, 24, 25, 26, 27, 28, 29, 30,

31, 32, 33, 34, 35,[13] 36, 37, 38, 39, 40, 41, 43, 44, 45, 48, 49, 50, 53, 55, 56, 57(a), and 60(a),

respondents also argue that portions of Ground 2 are unexhausted because in those paragraphs

petitioner relies upon exhibits not relied upon in his third state habeas petition.  The Court finds that

---

[13]  Respondents erroneously refer to "Ground Three(25)," when, in fact, they appear to make an
argument about *paragraph 35 of Ground 2.*  See Motion to Dismiss, p. 40, lines 14-16.

petitioner's new citations to exhibits, in support of allegations that are essentially the same as those he made in state court, do not fundamentally alter petitioner's claims.

The Court finds that Ground 2 was exhausted in petitioner's third state habeas petition.

2.      Exhaustion of Ground 2 in Petitioner's First
        State Habeas Petition

Petitioner claims that he also exhausted Ground 2 in his first state habeas petition. *See* Second Amended Petition, p. 13, lines 2-3.

In his briefing before the Nevada Supreme Court regarding his first state habeas petition, petitioner made certain claims of ineffective assistance of counsel, and he clearly made those claims based upon the Sixth Amendment to the United States Constitution, citing *Strickland v. Washington*, 466 U.S. 668 (1984).  *See* Exhibit RR, pp. 53-65.  In that  briefing, petitioner presented four discrete theories of ineffective assistance of counsel:

- that counsel failed to understand and advise him that a plea of guilty to felony murder would establish an aggravating factor;

- that counsel failed to investigate and litigate the necessity that Melanie Marks' testimony be corroborated;

- that counsel failed to object to prosecutorial misconduct;

- that counsel failed to conduct adequate investigation into circumstances in mitigation, including petitioner's complete medical and psychiatric history.

*See* Exhibit RR, pp. 54-66.  The Court finds that Ground 2 was exhausted in petitioner's first state habeas petition to the extent that Ground 2 is based on any of those theories of ineffective assistance of counsel.  The remainder of Ground 2 was not exhausted in petitioner's first state habeas petition.

1

        D.     <u>Ground 3</u>

2

        In Ground 3, petitioner claims that he "was deprived of his right to due process of

3 law, equal protection of the law, and a reliable sentence by the use of the felony of robbery to support

4 his conviction of first-degree murder on a felony murder theory and to support an aggravating factor

5 in the penalty phase."  Second Amended Petition, p. 52, lines 2-5, *citing* U.S. Const. Amends. VIII

6 and XIV.

7

                 1.     Exhaustion of Ground 3 in Petitioner's Third

8                       State Habeas Petition

9

        Respondents do not make any argument that Ground 3 was not exhausted in

10 petitioner's third state habeas petition.[14]   The Court has compared this claim, as presented by

11 petitioner in his third state habeas petition and as presented in his Second Amended Petition in this

12 case, and finds the presentation of the claim in those contexts to be essentially identical.  *Compare*

13 Second Amended Petition, pp. 52-53, *and* Exhibit 14, pp. 57-58.  Petitioner exhausted Ground 3 in

14 his third state habeas petition.

15

                 2.     Exhaustion of Ground 3 on Petitioner's

16                       Direct Appeal

17

        Petitioner claims that he also exhausted Ground 3 on his direct appeal.  *See* Second

18 Amended Petition, p. 13, lines 1-3.

19

        The Court finds that he did not.  Petitioner argued to the Nevada Supreme Court on

20 his direct appeal that it was unfair for robbery to be used both as the predicate felony for felony

21 murder and as an aggravating factor in support of imposition of the death penalty, and he argued that

22 to do so would contravene legislative intent.  *See* Exhibit EE, pp. 6-10; Exhibit GG, pp. 1-4.

23 Petitioner did not, however, ground his argument on any federal constitutional guarantee.  *See id.*

24

25

26

       [14]  *See* footnote 12, above.

1    On the contrary, in his "Closing Brief," petitioner distanced himself from any

2  constitutional argument, writing:

3         It is irrelevant to our inquiry whether this Court may rule against
       Appellant on the instant question without violating the constitution.  Appellant
4      has rather argued that this Court should rule that felony murder may not be
       used as an aggravated circumstance, on the basis that this rule is a better
5      reasoned, fairer rule; because this rule comports better with the plain meaning
       of the words used in the statute; and that therefore the Legislature must have
6      intended the aggravation statute to operate in this manner.

7  Exhibit GG, pp. 3-4.  In that paragraph, petitioner notified the Nevada Supreme Court, in fairly clear

8  terms, that he was not asserting a federal constitutional claim.

9         Despite that seeming clear statement, petitioner points out that he cited in his opening

10  brief to the Nevada Supreme Court to *Woodson v. North Carolina*, 428 U.S. 280 (1976), and he

11  argues that thereby indicated that he relied upon a federal constitutional basis for this claim.  That

12  citation to *Woodson*, however, is in the context of petitioner's argument that a harmless error

13  analysis could not be applied to the alleged error.  *See* Exhibit EE, pp. 5-6.  That citation to *Woodson*

14  does not reasonably indicate a federal constitutional basis for petitioner's argument, especially in

15  view of the statement quoted above from petitioner's "Closing Brief."

16         The Court finds that Ground 3 was not exhausted by petitioner on his direct appeal.

17         E.    Ground 4

18         In Ground 4, petitioner claims that he "was deprived of his right to due process of

19  law, a reliable sentence and the protection against double jeopardy by the finding of a burglary

20  felony-murder circumstance aggravating the sentence, which was legally inapplicable and/or of

21  which there was insufficient evidence, and/or which was included in other offenses of which he was

22  convicted."  Second Amended Petition, p. 54, lines 2-6, *citing* U.S. Const. Amends. VIII and XIV.

23         Respondents do not make any argument that Ground 4 was not exhausted in

24  petitioner's third state habeas petition.  The Court has compared this claim, as presented by

25  petitioner in his third state habeas petition and as presented in his Second Amended Petition in

26  this case, and finds the presentation of the claim in those contexts to be essentially identical.

*Compare* Second Amended Petition, pp. 54-55, *and* Exhibit 14, pp. 59-61.  Petitioner exhausted Ground 4 in his third state habeas petition.

        **F.**    <u>Ground 5</u>

In Ground 5, petitioner claims that he "was deprived of his right to due process of the laws, and a reliable sentence by the failure of the sentencing body to consider mitigating evidence." Second Amended Petition, p. 56, lines 2-4, *citing* U.S. Const. Amends. VIII and XIV.

        **1.**    Exhaustion of Ground 5 in Petitioner's Third <u>State Habeas Petition</u>

Petitioner included Ground 5 in his third state habeas petition.  All the allegations in Ground 5 in the Second Amended Petition in this action are also found, in identical terms, in Ground 5 in petitioner's third state habeas petition.  *Compare* Second Amended Petition, pp. 56-57, *and* Exhibit 14, pp. 62-63.

Respondents, however, argue that Ground 5 is unexhausted because petitioner included new citations to exhibits in the claim.  *Compare* Second Amended Petition, p. 56, lines 15-16, *and* Exhibit 14, p. 62, lines 18-20.  The addition of those citations does not fundamentally alter the claim.

Petitioner exhausted Ground 5 in his third state habeas petition.

        **2.**    Exhaustion of Ground 5 on Petitioner's <u>Direct Appeal</u>

Petitioner claims that he also exhausted Ground 5 on his direct appeal.  *See* Second Amended Petition, p. 13, lines 1-3.

The Court agrees.  In his opening brief to the Nevada Supreme Court he claimed that the three-judge sentencing panel may have failed to consider mitigating evidence, and he cited to *Locket v. Ohio*, 438 U.S. 586 (1978), for the proposition that "no death penalty statute may limit the

range of mitigating circumstances that may be taken into consideration without violating the eighth amendment of the United States Constitution."  Exhibit EE, p. 16.

Ground 5 was exhausted on petitioner's direct appeal.

G.     Ground 6

In Ground 6, petitioner claims that he "was deprived of due process of law, equal protection of the laws and a reliable sentence by introduction of evidence that he had engaged in homosexuality and by the consideration of this evidence by the sentencer."  Second Amended Petition, p. 58, lines 2-4, *citing* U.S. Const. Amends. VIII and XIV.

Petitioner presented this claim in much the same terms in his third state habeas petition.  *Compare* Second Amended Petition, pp. 58-59, *and* Exhibit 14, pp. 64-65.

The only difference is in the fourth paragraph of the claim.  In his third state habeas petition, petitioner wrote:

> Introduction of this irrelevant and inflammatory evidence was prejudicial in that it formed a basis for the sentencing body to distance itself from petitioner's humanity, and the state cannot show beyond a reasonable doubt that the introduction and consideration of this constitutionally-irrelevant evidence did not affect the determination of the sentence.

Exhibit 14, p. 65, lines 3-9.  In his Second Amended Petition in this action, petitioner wrote:

> Introduction of this evidence was prejudicial in that it allowed the sentencing body to consider sexual behavior that was irrelevant to the sentencing determination and which would tend to inflame the sentencers against petitioner.  The state cannot show beyond a reasonable doubt that the introduction and consideration of this constitutionally irrelevant evidence did not affect the determination of the sentence, and the introduction of this evidence substantially impaired the fairness of the proceeding.

Second Amended Petition, p. 58, line 23 - p. 59, line 2.  Respondents argue that the differences between this paragraph in state and federal court render Ground 6 unexhausted.  The Court disagrees. The changes to this paragraph do not fundamentally alter Ground 6.

Petitioner exhausted Ground 6 in his third state habeas petition.

H.     Ground 7

In Ground 7, petitioner claims that he "was deprived of his right to confrontation and cross-examination, effective assistance of counsel, due process of law, equal protection of the laws, trial before an impartial jury and a reliable sentence due to the substantial and injurious effect of a consistent pattern of prosecutorial misconduct and overreaching which distorted the fact finding process and rendered the sentencing hearing fundamentally unfair."  Second Amended Petition, p. 60, lines 2-6 *citing* U.S. Const. Amends. V, VI, VIII, and XIV.

1.     Exhaustion of Ground 7 in Petitioner's Third
State Habeas Petition

Ground 7 was presented in similar terms in petitioner's third state habeas petition.

Respondents point out, however, that petitioner includes in this claim in this action a legal theory not presented in his third state habeas petition.  In this case, petitioner asserts in Ground 7 violation of his right to trial before an impartial jury; petitioner did not assert a violation of that right in Ground 7 in his third state habeas petition.  *Compare* Second Amended Petition, p. 60, lines 2-6, *and* Exhibit 14, p. 66, lines 1-6.  That part of Ground 7 was not exhausted in petitioner's third state habeas petition.

Next, respondents point out that petitioner has added to the first sentence of paragraph 1 of Ground 7 the clause, "without objection for the defense."  *Compare* Second Amended Petition, p. 60, lines 8-9, *and* Exhibit 14, p. 66, lines 7-8.  Petitioner argues that this introduces a new claim of ineffective assistance of counsel that was not alleged in state court.  The Court does not read this clause to introduce a new ineffective assistance of counsel claim in Ground 7.  The sorts of claims included in Ground 7 are set forth at lines 2-6 on page 60 of the Second Amended Petition, and there is no ineffective assistance of counsel claim mentioned there.  The Court finds that the new language in the first sentence of paragraph 1 of Ground 7 does not fundamentally alter Ground 7.

Respondents also point out that, following the first sentence of paragraph 1 of Ground 7, petitioner has added a reference to Ground 2, incorporating by reference the allegations of

27

1  Ground 2.  *Compare* Second Amended Petition, p. 60, lines 8-10, *and* Exhibit 14, p. 66, lines 7-8.

2  Respondents argue that this renders Ground 7 unexhausted.  The Court disagrees.  As is discussed

3  above, Ground 2 is exhausted.  Furthermore, the Court does not read petitioner's incorporation by

4  reference of the allegations of Ground 2 to introduce into Ground 7 an ineffective assistance of

5  counsel claim, or, for that matter, any sort of claim beyond those described at lines 2-6 on page 60 of

6  the Second Amended Petition.   The reference in Ground 7 to the allegations of Ground 2 does not

7  fundamentally alter Ground 7.

8           Respondents argue further that new allegations at lines 10-21 of paragraph 1 of

9  Ground 7 render Ground 7 unexhausted.  *Compare* Second Amended Petition, p. 60, lines 10-21,

10 *and* Exhibit 14, p. 66, lines 7-11.  The new language there adds specificity regarding the conduct of

11 the prosecutor with regard to the use of the Kane homicide at petitioner's sentencing phase trial.

12 *See* Second Amended Petition, p. 60, lines 10-21.  However, the Court finds that the new language

13 does not fundamentally alter Ground 7.

14          Respondents next point to new language in paragraph 2 of Ground 7.  *Compare*

15 Second Amended Petition, p. 60, line 22 - p. 61, line 8, *and* Exhibit 14, p. 66, lines 12-19.  Here

16 again, petitioner has added some specificity to his claim but has not fundamentally altered it.

17          Finally, with respect to Ground 7, respondents focus on new language in paragraph 7

18 of Ground 7.  *Compare* Second Amended Petition, p. 61, line 24 - p. 62, line 7, *and* Exhibit 14,

19 p. 67, lines 13-18.[15]   This new language consists of argument that does not fundamentally alter

20 Ground 7.

21          The Court finds that petitioner's claim in Ground 7 of a violation of his federal

22 constitutional right to trial before an impartial jury was not exhausted in his third state habeas

23 petition, but that the remainder of Ground 7 was exhausted in his third state habeas petition.

24

25

---

26  [15] Respondents erroneously characterize their argument as concerning paragraph 2 of
Ground 7; the language they refer to, however, is in paragraph 7 of Ground 7.  *See* Motion to Dismiss,
p. 45, lines 11-15.

1

2.       Exhaustion of Ground 7 in Petitioner's First
State Habeas Petition

2

3          Petitioner claims that he also exhausted Ground 7 in his first state habeas petition.

4   *See* Second Amended Petition, p. 13, lines 1-3.

5          It appears to the Court that, to some extent, Ground 7 was exhausted in petitioner's

6   first state habeas petition.  *See* Exhibit RR, pp. 27-36.  However, it appears that not all the

7   constitutional theories and factual bases asserted in Ground 7 were asserted on the appeal regarding

8   petitioner's first state habeas petition.  *Compare* Second Amended Petition, pp. 60-62, and

9   *See* Exhibit RR, pp. 27-36.[16]

10          One constitutional theory that certainly was not presented as part of this claim on the

11   appeal regarding petitioner's first state habeas petition is the theory in Ground 7 that there was a

12   violation of petitioner's federal constitutional right to trial before an impartial jury.  The Court finds

13   that petitioner did not exhaust that theory in either his first state habeas petition or his third state

14   habeas petition.

15          I.       Ground 8

16          In Ground 8, petitioner claims that he "was deprived of his right to due process of

17   law, equal protection of the laws and a reliable sentence, due to the sentencing body's consideration

18   of mitigating factors and/or irrelevant facts as non-statutory aggravating evidence."  Second

19   Amended Petition, p. 63, lines 2-4, *citing* U.S. Const. Amends. VIII and XIV.  Petitioner made the

20   same claim in his third state habeas petition.  *See* Exhibit 14, pp. 68-69.

21          Respondents argue that Ground 8 is unexhausted solely for the reason that in

22   paragraph 1 of Ground 8 petitioner has added a sentence incorporating by reference the allegations of

23   Claim 7.  *Compare* Second Amended Petition, p. 63, lines 6-11, *and* Exhibit 14, p. 68, lines 7-13.

24

25

26

_____

[16]  *See* footnote 10.

29

1    The Court finds that the incorporation of the allegations of Ground 7 into Ground 8 does not

2    fundamentally change Ground 8.

3            Ground 8 was exhausted in petitioner's third state habeas petition.

4            J.        Ground 9

5            In Ground 9, petitioner claims that he "was deprived of his right to confrontation and

6    cross-examination, due process of law, equal protection of the laws, and a reliable sentence by the

7    introduction of the evidence of the unconstitutionally-obtained Washoe County conviction involving

8    the Kane homicide."  Second Amended Petition, p. 64, lines 2-5, *citing* U.S. Const. Amends. VI,

9    VIII, and XIV.  Petitioner made the same claim in his third state habeas petition.  *See* Exhibit 14,

10   pp. 70-72.

11           Respondents point out that in paragraph 1 of Ground 9 petitioner has added new

12   citations to the record.  *Compare* Second Amended Petition, p. 64, lines 7-8, *and* Exhibit 14, p. 70,

13   lines 9-12.   Petitioner's additional citations to the record do not fundamentally alter his claim.

14           Respondents also point out that the allegations in paragraphs 2(c) through 2(n) of

15   Ground 9 were not presented in the third state habeas petition.  The Court finds, however, that while

16   the newly-added allegations further illuminate the basic allegation that "[t]he conviction was

17   constitutionally infirm and fundamentally unfair due to the failure of the prosecution to disclose

18   material evidence that another perpetrator was involved in the Kane homicide," which was included

19   in the claim in state court, those  new allegations do not fundamentally alter Ground 9.  *Compare*

20   Second Amended Petition, pp. 64-67, *and* Exhibit 14, pp. 70-72.

21           Ground 9 was exhausted in petitioner's third state habeas petition.

22           K.        Ground 10

23           In Ground 10, petitioner claims that he "was deprived of his right to due process of

24   law, equal protection of the laws, a reliable sentence and of his right to effective assistance of

25   counsel and his privilege against self-incrimination by the introduction of evidence of offenses of

26

30

which petitioner had been convicted but which were on appeal."  Second Amended Petition, p. 68, lines 2-5, *citing* U.S. Const. Amends. V, VI, VIII, and XIV.

Respondents make no argument that Ground 10 is unexhausted.   The Court has compared Ground 10, as asserted in this case, to the same claim as asserted in petitioner's third state habeas petition, and finds them to be essentially the same.  *Compare* Second Amended Petition, pp. 68-69, *and* Exhibit 14, pp. 73-75.

Ground 10 was exhausted in petitioner's third state habeas petition.

L.      Ground 11

In Ground 11, petitioner claims that he "was deprived of the privilege against self-incrimination and of due process of law, equal protection of the laws, effective assistance of counsel, and a reliable sentence due to the admission of evidence of unadjudicated criminal conduct at the penalty phase of his capital trial."  Second Amended Petition, p. 70, lines 2-5, *citing* U.S. Const. Amends. VI, VIII, and XIV.

Respondents make no argument that Ground 11 is unexhausted.   The Court has compared Ground 11, as asserted in this case, to the same claim as asserted in petitioner's third state habeas petition, and finds them to be essentially the same.  *Compare* Second Amended Petition, pp. 70-71, *and* Exhibit 14, pp. 76-77.

Ground 11 was exhausted in petitioner's third state habeas petition.

M.      Ground 12

In Ground 12, petitioner claims that he "was deprived of his right to avoid double jeopardy and to due process of law, equal protection of the laws, and a reliable sentence by the relitigation of the facts of prior offense, which had been reduced to convictions."  Second Amended Petition, p. 72, lines 2-4, *citing* U.S. Const. Amends. V, VI, VIII, and XIV.

Respondents make no argument that Ground 12 is unexhausted.   The Court has compared Ground 12, as asserted in this case, to the same claim as asserted in petitioner's third state

habeas petition, and finds them to be essentially the same.  *Compare* Second Amended Petition, p. 72, *and* Exhibit 14, pp. 78-79.

Ground 12 was exhausted in petitioner's third state habeas petition.

N.       Ground 13

In Ground 13, petitioner claims that he "was deprived of his right to due process of law, equal protection of the law, and a reliable sentence, by the exclusion of relevant evidence of the potential for positive institutional adjustment in prison and the failure to give full effect and consideration to relevant evidence of petitioner's positive prospects for prison adjustment."  Second Amended Petition, p. 73, lines 2-5, *citing* U.S. Const. Amends. VI, VIII, and XIV.

Respondents make no argument that Ground 13 is unexhausted.   The Court has compared Ground 13, as asserted in this case, to the same claim as asserted in petitioner's third state habeas petition, and finds them to be essentially the same.  *Compare* Second Amended Petition, p. 73, *and* Exhibit 14, pp. 80-81.

Ground 13 was exhausted in petitioner's third state habeas petition.

O.       Ground 14

In Ground 14, petitioner claims that he "was deprived of due process of law, equal protection of the laws, a reliable sentence, freedom from cruel and unusual punishment, confrontation and cross-examination, and effective assistance of counsel by the introduction at the penalty phase of unreliable, irrelevant, inadmissible and inflammatory evidence ostensibly relating to the impact on the victims of offenses other than the capital crime."  Second Amended Petition, p. 74, lines 2-6, *citing* U.S. Const. Amends. VI, VIII, and XIV.

Respondents argue that Ground 14 is unexhausted because, in paragraph 2 of Ground 14, petitioner has added a sentence incorporating by reference the allegations of Ground 7. *Compare* Second Amended Petition, p. 74, lines 12-15, *and* Exhibit 14, p. 82, lines 15-19.

32

1   The Court finds that the incorporation of the allegations of Ground 7 into Ground 14 does not

2   fundamentally alter Ground 14.

3           Ground 14 was exhausted in petitioner's third state habeas petition.

4           P.      Ground 15

5           In Ground 15, petitioner claims that he "was deprived of due process of law and a

6   reliable sentence by the introduction of irrelevant and inflammatory photographs of the victim."

7   Second Amended Petition, p. 75, lines 2-3, *citing* U.S. Const. Amends. VIII and XIV.

8           Respondents make no argument that Ground 15 is unexhausted.   The Court has

9   compared Ground 15, as asserted in this case, to the same claim as asserted in petitioner's third state

10  habeas petition, and finds them to be essentially the same.  *Compare* Second Amended Petition,

11  p. 75, *and* Exhibit 14, pp. 84-85.

12          Ground 15 was exhausted in petitioner's third state habeas petition.

13          Q.      Ground 16

14          In Ground 16, petitioner claims that he "was deprived of his right to be present at all

15  proceedings in his capital trial, violating his right to due process of law, equal protection of the laws

16  and a reliable sentence."  Second Amended Petition, p. 76, lines 2-4, *citing* U.S. Const. Amends.

17  VIII and XIV.

18          Respondents argue that Ground 16 is unexhausted because in paragraph 1 of

19  Ground 16 petitioner has added a sentence incorporating by reference the allegations of Grounds 2

20  and 7.  *Compare* Second Amended Petition, p. 76, lines 6-11, *and* Exhibit 14, p. 86,

21  lines 7-13.  The Court finds that the incorporation of the allegations of Grounds 2 and 7 into

22  Ground 16 does not fundamentally alter Ground 16.

23          Ground 16 was exhausted in petitioner's third state habeas petition.

24

25

26

1          R.      Ground 17

2          In Ground 17, petitioner claims that he "was deprived of due process of law, equal

3   protection of the laws, and a reliable sentence, by the absence of a complete record for review of his

4   conviction and sentence."  Second Amended Petition, p. 77, lines 2-4, *citing* U.S. Const. Amends.

5   VIII and XIV.

6          Respondents argue that Ground 17 is unexhausted because in paragraph 1 of

7   Ground 17 petitioner has added a sentence incorporating by reference the allegations of Grounds 2

8   and 16.  *Compare* Second Amended Petition, p. 77, lines 6-11, *and* Exhibit 14, p. 87, lines 6-12.

9   The Court finds that the incorporation of the allegations of Grounds 2 and 16 into Ground 17 does

10  not fundamentally alter Ground 17.

11         Ground 17 was exhausted in petitioner's third state habeas petition.

12         S.      Ground 18

13         In Ground 18, petitioner claims that he "was deprived of his right to due process of

14  law, equal protection of the law, and a reliable sentence by the failure of his guilty plea to support a

15  conviction of first-degree murder."  Second Amended Petition, p. 78, lines 2-4, *citing* U.S. Const.

16  Amends. VIII and XIV.

17         Respondents make no argument that Ground 18 is unexhausted.   The Court has

18  compared Ground 18, as asserted in this case, to the same claim as asserted in petitioner's third state

19  habeas petition, and finds them to be essentially the same.  *Compare* Second Amended Petition,

20  p. 78, *and* Exhibit 14, pp. 88-89.

21         Ground 18 was exhausted in petitioner's third state habeas petition.

22         T.      Ground 19

23         In Ground 19, petitioner claims that he "was deprived of his right to due process of

24  law, equal protection of the law, and the right to be charged by a constitutionally-impaneled grand

25  jury as a result of his indictment."  Second Amended Petition, p. 79, lines 2-4, *citing* U.S. Const.

26  Amends. VIII and XIV.

34

1       Petitioner has added material to this claim in this action, and respondents argue that

2  the additional material renders Ground 19 unexhausted.  *Compare* Second Amended Petition,

3  p. 79, line 8 - p. 80, line 17, *and* Exhibit 14, p. 80, line 9-15.  In his third state habeas petition, this

4  claim included the assertion that "[t]he composition of the jury pool systematically underrepresents

5  minorities."  Exhibit 14, p. 90, lines 13-14.   The Court finds that the new material in Ground 19

6  adds specificity to that allegation, but that it does not fundamentally alter it.

7       Ground 19 was exhausted in petitioner's third state habeas petition.

8       U.     Ground 20

9       In Ground 20, petitioner claims that he "was deprived of his right to due process of

10  law, equal protection of the laws and a reliable sentence by the imposition of the death sentence

11  by a three-judge panel."  Second Amended Petition, p. 81, lines 2-4, *citing* U.S. Const. Amends. VIII

12  and XIV.

13       Here again, petitioner has added material to this claim in this action, and respondents

14  argue that the additional material renders Ground 20 unexhausted.  *Compare* Second Amended

15  Petition, p. 81, line 6 - p. 83, line 22, *and* Exhibit 14, p. 91, line 6 - p. 92, line 11.  The Court finds

16  that the new material in Ground 20 essentially adds supporting argument to the same claim that

17  petitioner made in state court, without fundamentally altering the claim.

18       Respondents also argue that Ground 20 is unexhausted because petitioner has added,

19  in paragraph 2 of Ground 20, a sentence incorporating by reference allegations from Ground 23,

20  paragraph 4.  *See* Second Amended Petition, p. 81, lines 21-22.  The Court finds that the

21  incorporation of the allegations from Ground 23, paragraph 4, into Ground 20 does not

22  fundamentally alter Ground 20.

23       Ground 20 was exhausted in petitioner's third state habeas petition.

24

25

26

V.      Ground 21

In Ground 21, petitioner claims that he "was deprived of his right to effective assistance of counsel, due process of law, equal protection of the laws and a reliable sentence by the failure to provide adequate and competent psychiatric assistance in preparation of his guilt and penalty phase defense."  Second Amended Petition, p. 85, lines 2-5, *citing* U.S. Const. Amends. VI, VIII, and XIV.  Petitioner asserted the same claim in state court.  *See* Exhibit 14, p. 93, lines 1-7.

Respondents argue that Ground 21 was not exhausted in state court because petitioner has added new allegations -- those in paragraph 5 of Ground 21.  *Compare* Second Amended Petition, p. 86, lines 6-10, *and* Exhibit 14, pp. 93-94.  The Court finds, however, that the new allegations in paragraph 5 do not fundamentally alter the claim.

Ground 21 was exhausted in petitioner's third state habeas petition.

W.      Ground 22

In Ground 22, petitioner claims that he "was deprived of his right to effective assistance of counsel, due process of law, equal protection of the laws and a reliable sentence by the failure of the Nevada Supreme Court to conduct adequate and rational appellate review of the sentence for excessiveness and disproportionality."  Second Amended Petition, p. 87, lines 2-5, *citing* U.S. Const. Amends. V, VI, VIII, and XIV.

Respondents argue that Ground 22 is unexhausted because petitioner has added a new sentence to paragraph 1 of the claim.  *Compare* Second Amended Petition, p. 87, lines 7-10, *and* Exhibit 14, p. 95, lines 8-20.  The Court finds, however, that the new sentence in paragraph 1 does not fundamentally alter Ground 22.

Respondents also argue that Ground 22 is unexhausted because petitioner has added, at paragraph 1 of the claim, a reference to Ground 23, incorporating by that reference the allegations of Ground 23.  *Compare* Second Amended Petition, p. 87, line 16, *and* Exhibit 14, p. 95, lines 8-20.

1    The Court finds that the incorporation into Ground 22 of the allegations of Ground 23 does not

2    fundamentally alter Ground 22.

3            Ground 22 was exhausted in petitioner's third state habeas petition.

4            X.      Ground 23

5            In Ground 23, petitioner claims that he "was deprived of his right to effective

6    assistance of counsel, due process of law, equal protection of the laws and a reliable sentence by the

7    failure of the Nevada Supreme Court to conduct adequate and rational appellate review of the

8    conviction and sentence."  Second Amended Petition, p. 89, lines 2-5, *citing* U.S. Const. Amends. V,

9    VI, VIII, and XIV.

10           Respondents argue that Ground 23 is unexhausted because petitioner has added

11   two new paragraphs -- paragraphs 4 and 5 -- to the claim.  *Compare* Second Amended Petition,

12   pp. 88-89, *and* Exhibit 14, pp. 97-98.  The Court finds, however, that the new paragraphs do not

13   fundamentally alter Ground 23.

14           Respondents also argue that Ground 23 is unexhausted because petitioner has added,

15   at paragraph 2 of the claim, a reference to Ground 22, incorporating by that reference the allegations

16   of Ground 22.  *Compare* Second Amended Petition, p. 89, lines 18-19, *and* Exhibit 14, p. 97,

17   lines 20-24.  The Court finds that the incorporation into Ground 23 of the allegations of Ground 22

18   does not fundamentally alter Ground 23.

19           Ground 23 was exhausted in petitioner's third state habeas petition.

20           Y.      Ground 24

21           In Ground 24, petitioner claims that he "was deprived of due process of law, equal

22   protection of the laws, a reliable sentence, and fundamentally fair proceedings by the combined

23   effect of all errors committed in the capital proceedings against petitioner."  Second Amended

24   Petition, p. 91, lines 2-4, *citing* U.S. Const. Amends. VIII and XIV.  This is the usual claim of

25   cumulative error.

26

37

1    Respondents argue that Ground 24 is unexhausted because petitioner has added the

2  following new language to the claim:  "The State cannot show, beyond a reasonable doubt, that the

3  cumulative effect of these numerous constitutional errors was harmless beyond a reasonable doubt;

4  in the alternative, the totality of these constitutional violations substantially and injuriously affected

5  the fairness of the proceedings and prejudiced Mr. Farmer."  *Compare* Second Amended Petition,

6  p. 91, *and* Exhibit 14, p. 99.  The Court finds that this new language in Ground 24 does not

7  fundamentally alter the claim.

8    Respondents also argue that Ground 24 is unexhausted because, in effect, Ground 24

9  incorporates all the other claims in the petition, many of which respondents argue are unexhausted.

10  The Court has found one part of Ground 7 be unexhausted:  petitioner's claim in Ground 7 of a

11  violation of his federal constitutional right to trial before an impartial jury.  To the extent that

12  Ground 24 includes that claim, it is indeed unexhausted; otherwise, however, Ground 24 is

13  exhausted.

14         Z.       Ground 25

15    In Ground 25, petitioner claims that he "was deprived of his right to due process of

16  law, to equal protection of the laws, to a reliable sentence and to be free of cruel and unusual

17  punishment by the sentence of death imposed by the Nevada judicial process."  Second Amended

18  Petition, p. 92, lines 2-4, *citing* U.S. Const. Amends. VIII and XIV.

19    Respondents make no argument that Ground 25 is unexhausted.   The Court has

20  compared Ground 25, as asserted in this case, to the same claim as asserted in petitioner's third state

21  habeas petition, and finds them to be essentially the same.  *Compare* Second Amended Petition,

22  p. 92, *and* Exhibit 14, p. 100.

23    Ground 25 was exhausted in petitioner's third state habeas petition.

24

25

26

1    AA.    Ground 26

2           In Ground 26, petitioner claims that he "was deprived of his right to be free of cruel

3    and unusual punishment and of cruel and unusual punishment by the imposition of the sentence of

4    death."  Second Amended Petition, p. 93, lines 2-4, *citing* U.S. Const. Amend. VIII.

5           Respondents make no argument that Ground 26 is unexhausted.   The Court has

6    compared Ground 26, as asserted in this case, to the same claim as asserted in petitioner's third state

7    habeas petition, and finds them to be essentially the same.  *Compare* Second Amended Petition,

8    p. 93, *and* Exhibit 14, p. 101.

9           Ground 26 was exhausted in petitioner's third state habeas petition.

10          BB.    Ground 27

11          In Ground 27, petitioner claims that his "execution ... by lethal injection would violate

12   the constitutional prohibition against cruel and unusual punishment."  Second Amended Petition,

13   p. 94, lines 2-3, *citing* U.S. Const. Amend. VIII.

14          Respondents argue that Ground 27 is unexhausted because petitioner has added to

15   Ground 27  paragraphs 4 and 5, including the new citations to evidence in those paragraphs.

16   *Compare* Second Amended Petition, pp. 94-98, *and* Exhibit 14, p. 102-03.  The Court finds,

17   however, that the additions to Ground 27 do not fundamentally alter the claim.

18          Ground 27 was exhausted in petitioner's third state habeas petition.

19   IV.    Conclusion

20          In conclusion, then, the Court finds that one part of Ground 7 is unexhausted:

21   petitioner's claim in Ground 7 of a violation of his federal constitutional right to trial before an

22   impartial jury.  The Court also finds that Ground 24, petitioner's cumulative error claim,  is also

23   unexhausted to the extent it includes the unexhausted portion of Ground 7.  In all other respects, the

24   Court finds petitioner's Second Amended Petition to be exhausted.

25          The Court may not grant relief on a claim not exhausted in state court.  28 U.S.C.

26   § 2254(b).  The Court will, therefore, grant petitioner time to elect one of two courses:

(1) petitioner may elect to abandon the unexhausted portion of Ground 7, or (2) petitioner may file a motion seeking a stay so that he may return to state court to exhaust the unexhausted portion of Ground 7.

If petitioner wishes to abandon the unexhausted portion of Ground 7, he should file, within the time allowed, a Notice of Abandonment of Unexhausted Claim in Ground 7.  If petitioner does that, the Court will dismiss petitioner's claim in Ground 7 of a violation of his federal constitutional right to trial before an impartial jury.

On the other hand, if petitioner wishes to seek a stay to return to state court to exhaust the unexhausted portion of Ground 7, petitioner must, within the time allowed, file a Motion for Stay, making the showing required for a stay as described in *Rhines v. Weber*, 544 U.S. 269 (2005).

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (docket #155) is **GRANTED IN PART AND DENIED IN PART**, as described *supra*.

**IT IS FURTHER ORDERED** that petitioner shall have until and including **April 21, 2006**, to either (1) a Notice of Abandonment of Unexhausted Claim in Ground 7, or (2) file a Motion for Stay.

Dated this ___22nd___ day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE