UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JEFFREY FARMER, | |
| Petitioner, | 2:93-cv-0434-JCM-LRL |
| vs. | |
| JACKIE CRAWFORD, *et al.*, | **ORDER** |
| Respondents. | |

In this capital habeas corpus action, on March 22, 2006, the Court entered an order (docket #169) resolving a motion to dismiss made by respondents. Respondents argued in their motion to dismiss that certain claims in petitioner's second amended habeas petition were not exhausted in state court. The Court found one claim to be unexhausted: petitioner's claim, in part of Ground 7, of a violation of his federal constitutional right to trial before an impartial jury. The Court found the remainder of petitioner's claims to be exhausted in state court.

The March 22, 2006 order required petitioner to make an election regarding the unexhausted portion of Ground 7. Petitioner was to either file a notice of abandonment of that claim, or file a motion for a stay so that he may return to state court to exhaust it. Petitioner had until April 21, 2006, to make that election.

On April 21, 2006, petitioner filed a Notice of Abandonment of Unexhausted Claim (docket #176), stating clearly his election to abandon his unexhausted claim.

1   In light of petitioner's Notice of Abandonment of Unexhausted Claim, the Court will
2 dismiss petitioner's claim, in part of Ground 7, of a violation of his federal constitutional right to
3 trial before an impartial jury.
4   On April 21, 2006, petitioner also filed a Motion for Stay and Abeyance
5 (docket #177). That motion, however, has nothing to do with the unexhausted portion of Ground 7,
6 discussed above. Rather, in the Motion for Stay and Abeyance, petitioner seeks a stay so that, before
7 this case proceeds any further, he may complete state court litigation initiated in December 2005.
8   The claim that petitioner is currently litigating in state court is based on *McConnell v.*
9 *State*, ___ Nev. ___, 102 P.3d 606 (2004). In *McConnell*, on December 29, 2004, the Nevada
10 Supreme Court ruled that it is "impermissible under the United States and Nevada Constitutions to
11 base an aggravating circumstance in a capital prosecution on the felony upon which a felony murder
12 is predicated." *McConnell*, 102 P.3d at 624.
13   Petitioner makes a similar claim in Ground 3 of his second amended petition in this
14 case. *See* Second Amended Petition (docket #139), pp. 52-53. The Court has found that Ground 3
15 was exhausted in state court, in petitioner's third state habeas petition. *See* Order entered
16 March 22, 2006 (docket #169), pp. 23-24. Nonetheless, petitioner seeks a stay so that he may litigate
17 his *McConnell* claim again in state court. Petitioner asserts that he has reason to do so, and that he
18 may be able to overcome the procedural hurdles to doing so, because of the change in Nevada law
19 represented by the *McConnell* decision. Petitioner therefore seeks a stay pursuant to *Rhines v.*
20 *Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005).
21   The Court will set a schedule for the remaining briefing of petitioner's Motion for
22 Stay and Abeyance.
23
24 ///
25 ///
26 ///

1  **IT IS THEREFORE ORDERED** that petitioner's claim, in part of Ground 7 of his
2  second amended habeas corpus petition, of a violation of his federal constitutional right to trial
3  before an impartial jury (Second Amended Petition (docket #134), p. 60, lines 3-4), is **DISMISSED**.
4  **IT IS FURTHER ORDERED** that respondents shall have until and including
5  **May 24, 2006**, to respond to petitioner's Motion for Stay and Abeyance (docket #177). Petitioner
6  shall thereafter have **twenty (20) days** to reply.

        Dated this 1st day of May, 2006.

        _____
        UNITED STATES DISTRICT JUDGE