1
2
3
4
5

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT JEFFREY FARMER, | ) | |
| Petitioner, | ) | 2:93-cv-0434-JCM-LRL |
| vs. | ) | |
| | ) | **ORDER** |
| JACKIE CRAWFORD, *et al.*, | ) | |
| Respondents. | ) | |

       In this capital habeas corpus action, the petitioner, Robert Jeffrey Farmer, seeks a stay so that he may complete certain state-court litigation before proceeding further with this action. The Court will grant petitioner's motion, and stay this action.

       Petitioner filed a second amended habeas corpus petition on October 1, 2004 (docket #136). Respondents moved to dismiss that petition, arguing that it contained claims not exhausted in state court (docket #155). The Court resolved that motion on March 22, 2006, finding one subpart of Ground 7 of the second amended petition to be unexhausted (docket #169). The March 22 order required petitioner to make an election regarding the unexhausted portion of Ground 7: petitioner was to either file a notice of abandonment of that claim, or file a motion for a stay so that he may return to state court to exhaust it.

1       On April 21, 2006, petitioner filed a Notice of Abandonment of Unexhausted Claim
2  (docket #176), stating his election to abandon the unexhausted portion of Ground 7.  Accordingly, on
3  May 1, 2006, the Court dismissed the unexhausted subpart of Ground 7 (docket #178).
4       On April 21, 2006, petitioner also filed a Motion for Stay and Abeyance
5  (docket #177).  That motion was unrelated to the issues regarding the unexhausted portion of
6  Ground 7.  In the Motion for Stay and Abeyance, petitioner seeks a stay so that, before this case
7  proceeds further, he may complete certain state court litigation that he initiated in December 2005.
8       The claim that petitioner is litigating in state court is based on *McConnell v. State*,
9  ___ Nev. ___, 102 P.3d 606 (2004).  In *McConnell*, on December 29, 2004, the Nevada Supreme
10 Court ruled that it is "impermissible under the United States and Nevada Constitutions to base an
11 aggravating circumstance in a capital prosecution on the felony upon which a felony murder is
12 predicated."  *McConnell*, 102 P.3d at 624.  Petitioner makes a similar claim in Ground 3 of his
13 second amended petition in this case.  *See* Second Amended Petition (docket #139), pp. 52-53.
14 The Court has found that Ground 3 was exhausted in state court, in petitioner's third state habeas
15 petition.  *See* Order entered March 22, 2006 (docket #169), pp. 23-24.  Nonetheless, petitioner seeks
16 a stay so that he may litigate his *McConnell* claim again in state court.  Petitioner asserts that he has
17 reason to do so, and that he will be able to overcome the procedural hurdles to doing so, because of
18 the change in Nevada law represented by the *McConnell* decision.
19      On May 26, 2006, respondents filed an opposition to petitioner's motion for a stay
20 (docket #181).  Petitioner replied on June 19, 2006 (docket #184).
21      The Court will grant petitioner's motion, and stay this case pending the completion of
22 petitioner's state-court litigation of his *McConnell* claim.
23      Petitioner's death sentence appears to be the kind that the Nevada Supreme Court,
24 in *McConnell*, ruled impermissible under both the state and federal constitutions.  Petitioner was
25 charged with first degree murder, and ultimately pled guilty to that charge.  Respondents have not
26 pointed to any indication in the record that petitioner admitted to premeditation; on the other hand,

1  there is evidence that the guilty plea was based on a felony murder theory, stemming from

2  petitioner's admission that the killing occurred during a robbery and burglary.  *See* Record on

3  Appeal, Exhibits O (Transcript of Change of Plea), P (State's Penalty Hearing Brief), and

4  R (Judgment), ¶3.[1]  Thereafter, the robbery and burglary that were used as bases for the felony

5  murder theory were also asserted by the prosecution, and relied upon by the 3-judge sentencing

6  panel, as the sole aggravating factors justifying imposition of the death penalty.  *See* Record on

7  Appeal, Exhibit R (Judgment), ¶3.  Respondents have not suggested that there is any factual aspect

8  of petitioner's case placing it outside the reach of the *McConnell* decision.

9        The parties point out that there is an issue with respect to whether *McConnell* applies

10  retroactively to petitioner's final judgment of conviction, and inform the Court that the issue of the

11  retroactivity of *McConnell* is pending in the Nevada Supreme Court.[2]  The issue of the retroactivity

12  of *McConnell* is plainly a matter of Nevada law, which, as a matter of comity, should be decided in

13  the first instance by the Nevada Supreme Court.  It appears likely that court will decide the issue

14  before the resolution of petitioner's state habeas proceeding.

15        In addition, there will probably be other procedural hurdles complicating petitioner's

16  state-court litigation, as it has been 22 years since petitioner's conviction, and petitioner has already

17  unsuccessfully litigated the claim regarding the aggravating factors.  *See*, *e.g.*, NRS 34.726,

18  34.810(2).  However, petitioner argues, based on *Leslie v. Warden*, 118 Nev. 773, 59 P.3d 440

19  (2002), that he can overcome those procedural hurdles.  In *Leslie*, there was an apparent procedural

20  default with respect to the petitioner's claim that a particular aggravating circumstance was invalid.

21  *See id*. at 780.  Nonetheless, the court reached the merits of the claim, explaining:

---

[1] The exhibits from the record on appeal in state court, referred to in this order, were originally filed by respondents in support of their Answer in Case Number CV-S-89-0271-LDG in this Court.

[2] The Court is informed that oral argument was held in the Nevada Supreme Court on the issue of the retroactivity of *McConnell* on June 13, 2006, in *Rippo v. State*, Nevada Supreme Court Case Number 44094, and *Bejarano v. State*, Nevada Supreme Court Case Number 44297.

> While this claim could have been raised before and is therefore subject to the waiver provisions of NRS 34.810(1)(b), we conclude that our refusal to consider the issue would result in a fundamental miscarriage of justice. We have stated that a fundamental miscarriage of justice can be demonstrated by a showing that the defendant "is actually innocent of the crime or is ineligible for the death penalty."

*Id*. at 780, quoting *Pellegrini v. State*, 117 Nev. 860, 886-87, 34 P.3d 519, 537 (2001) (procedural bars can be overcome by demonstrating that the court's failure to review an issue would result in a fundamental miscarriage of justice). In view of *Leslie*, it appears that there is a substantial possibility that the Nevada courts will entertain petitioner's *McConnell* claim on its merits.

If the Nevada courts look past petitioner's possible procedural default, and reach the merits of his claim that his death penalty was based on invalid aggravating circumstances, and if petitioner obtains relief on that claim, a significant portion of this action -- all petitioner's claims concerning his death penalty -- will be mooted. Under these circumstances, the Court finds that the interests of justice, comity, and judicial economy will be best served by granting petitioner the stay he seeks. The Court determines that petitioner should have an opportunity to present his claim based on *McConnell* to the Nevada courts, and the Nevada courts should have the opportunity to resolve that claim before this case proceeds further.

The Court agrees with respondents that *Rhines v. Weber*, 544 U.S. 269 (2005), is not directly applicable in this situation. *Rhines* involved the question of a stay to allow a habeas petitioner to exhaust unexhausted claims, while in this case the petitioner seeks a stay to return to state court and present to the state courts for a second time a claim that has already been exhausted.

Nevertheless, neither *Rhines* nor any other authority cited by respondents prevents the sort of stay requested here. A federal court has inherent authority to issue a stay, where a stay is a proper exercise of discretion. *See Rhines*, 544 U.S. at 276, *citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936), and *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In view of the Nevada Supreme Court's *McConnell* decision and the pending issue regarding the retroactivity of that decision, and also in view of *Leslie*, the claim that petitioner seeks to litigate in state court is not

1  plainly meritless and is not plainly barred procedurally in state court.  It does not appear that

2  petitioner has engaged in intentionally dilatory litigation tactics with respect to his *McConnell* claim.

3  The interests of justice, comity, and judicial economy weigh in favor of a stay.

4        **IT IS THEREFORE ORDERED** that petitioner's Motion for Stay and Abeyance

5  (docket #177) is **GRANTED**.

6        **IT IS FURTHER ORDERED** that this action is **STAYED** to allow petitioner an

7  opportunity to litigate in state court his claim based on *McConnell v. State*, ___ Nev. ___, 102 P.3d

8  606 (2004), before this action proceeds further.

9        **IT IS FURTHER ORDERED** that the Clerk shall administratively close this case.

10       **IT IS FURTHER ORDERED** that, following the conclusion of petitioner's state

11 court proceedings, petitioner shall, within **thirty (30) days**, make a motion to lift the stay in this

12 action.

13       **IT IS FURTHER ORDERED** that, on or before **December 15, 2006**, petitioner

14 shall file and serve a status report, describing the status of his state-court proceedings.  Petitioner

15 shall thereafter file and serve a status report every 6 months (on or before the 15th day of

16 June 2007, December 2007, June 2008, *etc*.).  Respondents may file and serve a response to any such

17 status report within 20 days after its service.  Petitioner may reply within 15 days of service of such a

18 response.

19       **IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a

20 motion by respondents if petitioner does not comply with the time limits in this Order, or if he

21 otherwise fails to proceed with due diligence.

23        Dated this  25th  day of  August , 2006.

25                                    _____
                                       UNITED STATES DISTRICT JUDGE

5